UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MICHAEL REYES, FERNANDO RODRIGUEZ, CARLOS BONIFACIO, VICTOR BONIFACIO, YEFRY ESTEVEZ and CHRISTOPHER POLANCO, on behalf of themselves and all other persons similarly situated,

Plaintiffs,

-against-

JUSBYJULIE.COM LLC, JULIE MALEH, SESAR MALEH, ELLIOT MALEH, and ALAN MALEH,

Defendants.
---------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

*FLSA Collective Action*

Plaintiffs, MICHAEL REYES, FERNANDO RODRIGUEZ, CARLOS BONIFACIO, VICTOR BONIFACIO, YEFRY ESTEVEZ and CHRISTOPHER POLANCO ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, JUSBYJULIE.COM LLC, JULIE MALEH, SESAR MALEH, ELLIOT MALEH, and ALAN MALEH ("Defendants") allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action, on behalf of themselves and other similarly situated persons, against Defendants to remedy violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"). Plaintiffs seek to recover unpaid overtime wages, liquidated damages, reasonable attorney's fees, and all other appropriate legal and equitable relief pursuant to 29 U.S.C. §216(b) et seq. and other applicable federal law.

2. Plaintiffs also bring this action to recover unpaid overtime and statutory damages under the New York State Labor Law and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

**THE PARTIES**

6. At all times relevant to the complaint, Plaintiff, MICHAEL REYES, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

7. At all times relevant to the complaint, Plaintiff, FERNANDO RODRIGUEZ, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8. At all times relevant to the complaint, Plaintiff, CARLOS BONIFACIO, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

9. At all times relevant to the complaint, Plaintiff, VICTOR BONIFACIO, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

10. At all times relevant to the complaint, Plaintiff, YEFRY ESTEVEZ, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

11. At all times relevant to the complaint, Plaintiff, CHRISTOPHER POLANCO, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

12. Defendant, JUSBYJULIE.COM LLC, was and still is a limited liability company organized and existing pursuant to the laws of the State of New York.

13. At all times relevant, Defendants were and still are an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

14. At all relevant times, Defendants were subject to the requirements of the FLSA because they had annual gross revenue of at least $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees were engaged in labeling and packaging goods that move in interstate commerce. Defendants' employees use tools, equipment and other materials, many of which originated in states other than New York.

15. Defendant, JULIE MALEH, is an owner, member, shareholder and/or officer of Defendants, has authority to make payroll and personnel decisions for Defendants, is active in the day to day management of the Defendants' business, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs, and is liable to Plaintiffs as an "employer" within the meaning of federal and state law.

16. Defendant, SESAR MALEH, is an owner, officer and/or manager of Defendants' business, has authority to make payroll and personnel decisions for Defendants, is active in the day to day management of the Defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

17. Defendant, ELLIOT MALEH, is an owner, officer and/or manager of Defendants' business, has authority to make payroll and personnel decisions for Defendants, is active in the day to day management of the Defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

18. Defendant, ALAN MALEH, is an owner, officer and/or manager of Defendants' business, has authority to make payroll and personnel decisions for Defendants, is active in the day to day management of the Defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

## FACTS

19. Defendants are manufacturers and distributors of blended juices with retail stores located at 1212 Avenue M, Brooklyn, New York 11210, 2166 East 5th Street, Brooklyn, New York 11223, 1090 St Johns Place, Brooklyn, New York 11213, 523 Central Avenue, Cedarhurst, New York 11516 and 313 Main Street, Allenhurst, New Jersey 07711.

20. Plaintiffs work at Defendants' warehouse in a squalid, dilapidated building located at 2184 McDonald Avenue, Brooklyn, New York. In January 2019, the New York City Department of Buildings found that the building was not compliant with the building code in that a 14' by 14' section of its drop ceiling had partially collapsed with a broken sprinkler line above and an approximate 8' x 8' section of ceiling was sagging.

21. Plaintiffs work at Defendants' warehouse six days each week. Their regular day off is Saturday, when the warehouse is closed in observance of the Sabbath.

22. Plaintiffs, MICHAEL REYES, FERNANDO RODRIGUEZ and YEFREY ESTEVEZ begin work each workday between 6:00 and 6:30 a.m. Plaintiffs CARLOS BONIFACIO, VICTOR BONIFACIO and CHRISTOPHER POLANCO begin each workday at

8:00 a.m. The time that Plaintiffs end work each day varies from day to day. Plaintiffs regularly work until 9:00, 10:00 or 11:00 p.m.

23. Plaintiffs regularly work more than 40 hours each week but are not paid overtime at the rate of one and one-half times their regular hourly rate of pay for hours worked after 40 hours per week.

24. By way of example only, during the period January 3, 2020 to January 9, 2020, Plaintiff, FERNANDO RODRIGUEZ, worked 63 hours and was paid wages in the amount of $931.00. During that same period, Plaintiff, MICHAEL REYES, worked 61 hours and was paid wages in the amount of $879.64. Plaintiff, VICTOR BONIFACIO, worked a similar number of hours and was paid wages in the amount of $890.50.

25. Defendants failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime at the rate of one and one-half times their regular rate for hours worked after 40 hours per week. Instead, Defendants paid Plaintiffs and Collective Action Plaintiffs at their regular "straight-time" rate of pay for all hours worked, including those hours worked after 40 hours per week.

26. Defendants' failure to pay Plaintiffs and the FLSA Collective at the required overtime rate was willful.

27. Plaintiffs and the FLSA Collective regularly worked a day that was longer than 10 hours from its start to its finish including breaks.

28. Defendants failed to pay Plaintiffs and the FLSA Collective spread-of-hours pay when they worked a day that exceeded 10 hours from start to finish including breaks.

29. Defendants failed to provide Plaintiffs with a notice and acknowledgement of their regular hourly rates of pay and overtime rates of pay at the time they were hired as required by Labor Law §195(1).

30. Defendants failed to furnish Plaintiffs with accurate wage statements each pay period setting forth the correct overtime rates of pay as required by Labor Law §195(3).

31. Defendants failed to post in conspicuous places notices explaining overtime requirements as required by the FLSA, 29 C.F.R. §516.4 and NYLL, N.Y. Comp. Codes R. & Regs. 12 §142-2.8.

32. Defendants' violations of the FLSA described in this Complaint have been willful and intentional.

## COLLECTIVE ACTION ALLEGATIONS

33. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

34. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

35. Plaintiffs seek to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following similarly situated employees:

> All persons who are currently or have been employed by Defendants as warehouse workers at any time during the three (3) years prior to the filing of their respective consent forms.

36. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b).

37. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**FLSA DENIAL OF OVERTIME**

38. Plaintiffs allege and incorporates by reference all allegations in all preceding paragraphs.

39. Defendants employed Plaintiffs and persons similarly situated to Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

40. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

41. As a result of defendants' unlawful acts, Plaintiffs and persons similarly situated to Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**NYLL DENIAL OF OVERTIME**

42. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

43. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

44. By defendants' failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

45. Due to defendants' violations of the New York Labor Law, Defendants are liable to Plaintiffs for unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest

**THIRD CLAIM FOR RELIEF**
**NYLL SPREAD-OF-HOURS**

46. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

47. Defendants failed to pay Plaintiffs one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

48. Defendants' failure to pay spread-of-hours compensation was willful and intentional.

49. For the foregoing reasons, Plaintiffs are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest pursuant to Labor Law Section 198(1-a).

## FOURTH CLAIM FOR RELIEF
## NYLL WAGE NOTICE VIOLATION

50. Plaintiffs alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants failed to provide Plaintiffs upon hire with written notice of their correct regular rates of pay and overtime rates of and other information required by New York Labor Law §195(1).

52. Each Plaintiff is entitled to recover from Defendants statutory damages of up to $5,000.00 pursuant to Labor Law Section 198(1-a).

## FIFTH CLAIM FOR RELIEF
## NYLL WAGE STATEMENT VIOLATION

53. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

54. Defendants failed to provide Plaintiffs with accurate statements of their wages each pay period setting forth their correct overtime rates of pay as required by New York Labor Law §195(3).

55. Each Plaintiff is entitled to recover from Defendants statutory damages of up to $5,000.00 pursuant to Labor Law Section 198(1-a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor Regulations;

(ii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii.) Unpaid wages pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv.) Damages pursuant to New York State Labor Law §198(1-a);

(v.) All attorneys' fees and costs incurred in prosecuting these claims; and

(vi.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 25, 2020

LAW OFFICE OF PETER A. ROMERO PLLC

By: ***/s/ Peter A. Romero***

Peter A. Romero, Esq.
825 Veterans Highway Ste. B
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com