

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

November 20, 2020

Hon. Arlene R. Lindsay
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: <u>Reyes, et. al. v. Jus By Julie.com LLC, et. al.</u>
Case No. 20-cv-00444-ARL

Dear Judge Lindsay:

This firm represents Plaintiffs Michael Reyes, Fernando Rodriguez, Carlos Bonifacio, Victor Bonifacio, Yefrey Estevez, Christopher Polanco and Victor Vargas ("Plaintiffs") in the above-referenced action. We respectfully submit this motion for approval of the settlement of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs commenced this action against Defendants Jus By Julie.com LLC, Julie Maleh, Sesar Maleh, Elliot Maleh, and Alan Maleh ("Defendants"), alleging that Defendants violated the FLSA and New York Labor Law §§ 650, *et seq.* by, among other things, failing to pay them overtime wages when they worked beyond forty (40) hours per week. On April 8, 2020, Defendants, through their counsel, filed an Answer to the Complaint. Defendants deny all allegations as asserted in the Complaint and/or any wrongdoing whatsoever. Thereafter, the parties resolved their dispute through a series of arm length negotiations. The parties seek approval of the settlement of Plaintiffs' FLSA claims pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, No. 14-cv-299 (2d Cir. Aug. 7, 2015). The parties have memorialized their resolution of Plaintiffs' claims in a Settlement Agreement & Release ("Agreement"), attached hereto as Exhibit A.

The release contained in the parties' Agreement is limited to wage claims arising under the Fair Labor Standards Act and the New York Labor Law. The Agreement does not contain a confidentiality provision, a non-disparagement provision, or a provision barring re-employment. The Settlement represents a fair and reasonable resolution of Plaintiffs' claims. Under the terms of the Agreement, Defendants have agreed to pay a total of $110,000.00 (Settlement Agreement ¶4), of which Plaintiffs will receive $72,199.00 after attorneys' fees and costs. This amount represents a fair and reasonable compromise. Defendants dispute the number of hours that Plaintiffs worked in excess of 40 hours per week and maintain that Plaintiffs were properly paid for their overtime hours.

Defendants deny Plaintiffs' claims and assert that they were correctly paid for all hours worked. Defendants assert that Plaintiffs' grossly exaggerated hours worked to seek a windfall. As a result, the parties maintain very divergent assessments of the precise value of Plaintiffs' FLSA claims. A resolution of this question would require a close evaluation of numerous issues of fact and ultimately would require a finder of fact to determine issues of credibility. Due to the fact-intensive nature of these inquiries, it is likely that the issue of damages would not be resolved until after depositions and after trial. Thus, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle the FLSA claims for the sum of $110,00.00.

In light of the foregoing, Plaintiffs faced obvious risks in establishing damages. The parties reached this settlement at an early phase of the litigation—before the parties engaged in extensive fact discovery and before any dispositive motion practice. Instead, the parties engaged in vigorous settlement negotiations. Resolving the action on behalf of the Plaintiffs at this early juncture provides certainty in that they will receive compensation for their alleged unpaid overtime wages. Given the significant litigation risks outlined above, all parties believe that this settlement is fair. If the case proceeded to trial, there is a possibility that Plaintiffs could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Plaintiffs will be able to recover settlement funds more expeditiously, and with more certainty, than a trial judgment, since the parties would need to take depositions before trial could commence.

Court approval of an FLSA settlement is appropriate when the settlement reached as a result of contested litigation resolves bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, "the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1351 n. 8 (11th Cir. 1982). Plaintiff's recovery – after attorney's fees – is fair and reasonable. *See, e.g., Meigel v. Flowers of the World. NYC. Inc.,* No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,* No. 11 Civ. 7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arms-length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

As set forth in the attached Settlement Agreement, the parties have agreed to settle this action for a total settlement amount of $110,000.00, which includes $36,399.33 in attorneys' fees and $802.00 in costs for the court filing fee and service of process. The attorney's fee represents one third (33.3%) of the total settlement amount and is reasonable. A one-third contingency fee is a commonly accepted fee in this Circuit. Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG) (VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept.19, 2013) (approving as reasonable a negotiated fee of one-third of the settlement amount, plus costs, in accordance with retainer agreement); Vidal v. Eager Corp., 2018 WL 1320659 (E.D.N.Y. Mar. 13, 2018) (approving one-third contingency fee); Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015)("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases). Plaintiffs' counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiffs' job duties, exempt status, the work hours and compensation received, commenced this action, and negotiated the settlement. Due to the contingent nature of the case, Plaintiffs' counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiffs' counsel was zealous in the pursuit of Plaintiffs' litigation objectives and secured a favorable result on the Plaintiffs' behalf.

      In short, the settlement is the result of substantial negotiations and compromise by both parties. We respectfully submit that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiffs in light of the risks of litigation and should be approved.

Respectfully,

*/s Peter A. Romero*

Peter A. Romero

cc:    All counsel of record