# RELEASE OF CLAIMS AND SETTLEMENT AGREEMENT

WHEREAS, PLAINTIFFS VICTOR BONIFACIO, VICTOR VARGAS, YEYFRY ESTEVEZ, FERNANDO RODRIGUES, MICHAEL REYES, CARLOS BONIFACIO AND CHRISTOPHER POLANCO ("PLAINTIFFS") has commenced an action in the UNITED STATES DISTRICT COURT for the EASTERN DISTRICT OF NEW YORK captioned *Reyes, et. al., v. Jus By Julie.com LLC, et. al* (the "Action") against Defendants Jus By Julie.com LLC, Julie Maleh, Sesar Maleh, Elliot Maleh, and Alan Maleh ("Defendants"). Plaintiffs allege in the Action that the Defendants failed to properly pay wages in compliance with the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL"), and further alleges that defendants failed to provide a wage notice and/or wage statements in violation of the New York Wage Theft Protection Act ("WTPA"); and

WHEREAS, Defendants deny any and all wrong doing against Plaintiffs including the allegations asserted in the Action.

WHEREAS, in consideration of this Release, Plaintiffs are receiving from or on behalf of Defendants the gross amount of $ 110,000.00 in full settlement of any and all claims asserted in the Action or claims pursuant to the FLSA, NYLL or WTPA that Plaintiffs may have against Defendants and related persons and entities.

WHEREAS, the terms and conditions of this Release have been explained to Plaintiffs by counsel, who was actively involved in the negotiation of the settlement and of this release, and covenants that understands the terms and agrees thereto,

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

**1. Release and Dismissal**.
(a) In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiffs hereby release and forever discharge Defendants and the Released Parties, including without limitation their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, assigns. officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future ("Released Parties or Releasees"), from: claims for wage and hour violations, unpaid wages, gap time pay, overtime pay, minimum wage pay, failure to pay spread-of-hours, meal and rest break claims, failure to maintain and furnish employees with proper wage records, and related claims under the Fair Labor Standards Act, Wage Theft Prevention Act, and/or New York Labor Law.
(B) Plaintiffs further agree and covenant that the Action will be dismissed with prejudice against all Defendants based on the settlement described herein, and there has not been filed, nor will be cause to be filed, any other claims, actions or other proceedings against Defendants or Defendants' Releasees at any time in the future arising out of any facts that are known to exist or that may exist through and including the date of execution of this Release

regarding the payment of wages, wage and hour violations, unpaid wages, gap time pay, overtime pay, minimum wage pay, failure to maintain and furnish employees with proper wage records, and related retaliation claims during or after employment. Contemporaneously with the execution of this Agreement, the Parties, by themselves or by their respective counsel, shall execute a Stipulation and Order of Dismissal (annexed hereto as Exhibit "A") dismissing the Action with prejudice, which Stipulation and Order. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

        (c)    It is Plaintiffs' intention that the execution of this Release will forever bar every claim, demand, cause of action, charge and grievance that is referenced in Paragraph 1(a) and (b) herein against Releasees existing at any time prior to and through the date of execution of this Release, and Plaintiffs covenant not to sue Releasees based on any released claims. Each Plaintiff will pay Releasees' reasonable attorneys' fees and costs incurred if that Plaintiff breaches that covenant.

        (d)    Plaintiffs understand that the Release does not release any claims that cannot be lawfully released.

        (e)    In the event that any Plaintiff institutes, is a party to, or is a member of a class or collective that institutes any claim or action against Releasees arising from conduct which predates this Release, and which is referenced in Paragraph 1 (a) or (b) herein, Plaintiffs agree that the released claims shall be dismissed or class or collective membership terminated immediately upon presentation of this Release, and shall execute any papers necessary to achieve this end.

3. **Party Representations.**

a. Plaintiffs affirm that, as of the date of this Release, they received been paid and/or has received all leave (paid and unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to his, except as provided in this Agreement and Release; and

b. Plaintiffs affirm that, as of the date of this Release, they are not aware of any grounds for claims against Defendants or the Released Parties other than those put forth by Plaintiffs in the Action.

c. Plaintiffs affirm that, as of the date of this Release, they have not suffered any workplace or on-the-job injury while providing services to and/or working for Defendants.

d. Plaintiffs agree not to seek any interest, fees or costs and agrees to be responsible for the payment of his own attorneys' fees, costs and disbursements, except as provided in this Release.

e. Plaintiffs acknowledge that Defendants have entered into this settlement solely for the purpose of avoiding the burdens and expense of protracted litigation. Further, the parties agree that neither this Release nor the furnishing of consideration for the Release shall be construed as an admission that Defendants or any Releasee have violated any federal, state, or local law (statutory or decisional), ordinance, or regulation, or that Defendants or any Releasee has committed any wrong against Plaintiffs.

f. Plaintiffs believe that this settlement is fair and reasonable and authorizes their attorney to seek from the Court, approval of the settlement as fair and reasonable under the FLSA.

2

**4. Payment.**
a. In exchange for the promises made by Plaintiffs contained in Paragraph 1 above, Jus By Julie.com LLC. agrees to provide Plaintiffs' attorneys with checks in the total gross settlement sum of $ 110,000.00, made payable as follows:

| Name | Amount | Identification |
|---|---|---|
| Victor Bonafacio | $9,818.83 | paid as wages and reported by W2 |
| Victor Vargas | $9,827.28 | paid as wages and reported by W2 |
| Yeyfrey Estevez | $12,905.28 | paid as wages and reported by W2 |
| Fernando Rodrigues | $24,860.93 | paid as wages and reported by W2 |
| Michael Reyes | $3,958.41 | paid as wages and reported by W2 |
| Carlos Bonafacio | $3,958.41 | paid as wages and reported by W2 |
| Christopher Polanco | $7,469.76 | paid as wages and reported by W2 |
| Law Offices of Peter Romero | $37,201.00 | For attorneys' fees and costs |

Plaintiffs and Plaintiffs' counsel shall be issued a Form 1099 pursuant to IRS regulations attorneys' fees and costs. Said payments being for and in full consideration and satisfaction of all claims related to the payment of wages that Plaintiffs have asserted in this Action including, but not limited to, claims for interest, attorneys' fees, costs and disbursements based on any conduct occurring up to and including the date of the complete execution of this Release (the "Settlement Sum").

(d) The parties agree that the Settlement Sum will be paid within thirty (30) days of the date on which (i) the Court issues an Order Approving the parties' Settlement; (ii) the Court so-Orders the Stipulation of Dismissal, attached as Exhibit "A,"(iii) and Plaintiffs have provided defense counsel with the necessary tax forms.

(e) Should Defendants fail to timely make any of the payments set forth in paragraph 4(d) of this Agreement, Plaintiff shall provide written notice, by certified mail and electronic mail stating that payment was not timely made. Upon receipt of written notice, Defendants shall have ten days to make payment. Notice should be sent via electronic mail and regular mail or Federal Express to Goldberg Segalla LLP, ATTN: Jacqueline K. Siegel, Esq., 200 Garden City Plaza, Suite 520, Garden City, New York 11530; jsiegel@goldbergsegalla.com. Further, should fail to cure the late payment within ten (10) days of notification, Plaintiffs may immediately seek enforcement of the settlement agreement in the Supreme Court of the State of New York, County of New York and Defendants will pay Releasees' reasonable attorneys' fees and costs incurred in the enforcement action.

**5. Indemnification.**
(a) Plaintiffs acknowledge and agree that neither Releasees nor counsel have made any representations to Plaintiffs regarding the tax consequences of any amounts paid pursuant to this Release. To the extent there are any additional tax consequences to Plaintiffs or Defendants arising from the payment of such portion of the settlement amount other than those normally attendant to income, Plaintiffs agree to indemnify and hold Releasees harmless for all additional taxes, interest and penalties.

28270109.v1

6. **Non-admission of Wrongdoing**.

   a. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind. Plaintiffs further acknowledge that Defendants expressly deny all allegations in the Complaint and any claim of wrongdoing as asserted by Plaintiff.

**7. Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

**8. Miscellaneous.**

   (a) This Release supersedes any prior agreements or understandings pertaining to the subject matter of this Release as addressed above. Plaintiffs acknowledge that they have not relied on any representations, promises or agreements of any kind made in connection with the decision to sign this Release. No other promises or agreements shall be binding or shall modify this Releasee unless in writing and signed by Releasees.

   b. This Release is made in the State of New York and shall be interpreted under the laws of said State. Its language shall be construed as a whole according to its fair meaning and not strictly for or against any Party.

   c. Should any provision of this Release be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be interpreted or modified so as to be enforceable, excluding the General Release language in Paragraph 1, such provision shall immediately become null and void, leaving the remaining provisions of this Release in full force and effect.

   d. This Release shall be binding upon and inure to the benefit of Plaintiffs' heirs, executors, administrators, successors, and assigns.

   e. This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (I) Agreement.

**9. Representation of Counsel.**

Plaintiffs acknowledge that they were represented by counsel of their choosing throughout the negotiation and the execution of the Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement and/or had this Agreement explained to him in Spanish, their primary language, and they fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily. Al firmar a continuación, el Demandante representa que su idioma principal es el español y que sus abogados revisó todos los

términos de este Acuerdo con él / ella en español. El Demandante ha entendido completamente todos los términos de este Acuerdo y voluntariamente los aceptan firmando a continuación. (*By signing below, the Claimant represents that his/her primary language is Spanish and that his/her counsel has reviewed all terms of this Agreement with him/her in Spanish. Claimant has fully understood all terms of this Agreement and voluntarily accepts them by signing below.*

**PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOURS CLAIMS THEY MIGHT HAVE AGAINST RELEASEES.**

_____
**VICTOR BONIFACIO**

_____
**VICTOR VARGAS**

_____
**YEYFRY ESTEVEZ**

_____
**FERNANDO RODRIGUES**

_____
**MICHAEL REYES**

_____
**CARLOS BONIFACIO**

_____
**CHRISTOPHER POLANCO**

**JUS BY JULIE.COM LLC**

By: _____[signature]_____

_____[signature]_____
**JULIE MALEH**

_____[signature]_____
**SESAR MALEH**

_____[signature]_____
**ELLIOT MALEH**

_____[signature]_____
**ALAN MALEH**

28270109.v1

términos de este Acuerdo con él / ella en español. El Demandante ha entendido completamente todos los términos de este Acuerdo y voluntariamente los aceptan firmando a continuación. *(By signing below, the Claimant represents that his/her primary language is Spanish and that his/her counsel has reviewed all terms of this Agreement with him/her in Spanish. Claimant has fully understood all terms of this Agreement and voluntarily accepts them by signing below.*

PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOURS CLAIMS THEY MIGHT HAVE AGAINST RELEASEES.

_____
VICTOR BONIFACIO

_____
VICTOR VARGAS

_____
YEYFRY ESTEVEZ

_____
FERNANDO RODRIGUES

_____
MICHAEL REYES

_____
CARLOS BONIFACIO

_____
CHRISTOPHER POLANCO

JUS BY JULIE.COM LLC

By: _____

_____
JULIE MALEH

_____
SESAR MALEH

_____
ELLIOT MALEH

_____
ALAN MALEH

5

28270109.v1

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICHAEL REYES, FERNANDO RODRIGUEZ,     Docket No. 20-cv-00444
CARLOS BONIFACIO, VICTOR BONIFACIO,
YEFREY ESTEVEZ and CHRISTOPHER POLANCO,
on behalf of themselves and all other persons
similarly situated,     **STIPULATION OF DISMISSAL WITH PREJUDICE**

                 Plaintiff(s),

-against-

JUS BY JULIE LLC, JUS TO GO BY JULIE, LLC,
JULIE MALEH, SESAR MALEH, ELLIOT MALEH,
and ALAN MALEH,

                 Defendant(s).
-----------------------------------------------------------------------X

     It is hereby stipulated by and between Counsel that this action is settled. Therefore, it is ordered by the Court that this action is discontinued, with prejudice and without costs to either party.


Dated: Garden City, New York
        October 27, 2020

| **LAW OFFICE OF PETER A. ROMERO** | **GOLDBERG SEGALLA, LLP** |
|---|---|
| _____ | _____/s/_____ |
| By: Peter A. Romero, Esq. | By: Jacqueline K. Siegel, Esq. JS7572 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 825 Veterans Highway, Suite B | 200 Garden City Plaza, Suite 520 |
| Hauppauge, New York 11788 | Garden City, New York 11530 |
| (631) 257-5588 | (516) 281-9800 |
| | Fax: (516) 281-9801 |

SO ORDERED: _____
               Honorable Magistrate Judge Arlene R. Lindsay

28270109.v1